IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD TURNER, § | | |
| ID # 115822, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:23-CV-57-K-BW | |
| § | | |
| WELLPATH MED. CO., et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Reginald Turner's amended Prisoner's Civil Rights Complaint, received on March 24, 2023. (Dkt. No. 6.) Based on the relevant filings and applicable law, the Court should summarily **DISMISS** this action without prejudice as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless Turner timely pays the full filing fee.

## I. BACKGROUND

While incarcerated at the Ellis County Jail, Turner filed this civil rights action against prison medical care provider Wellpath Med. Co., three nurses, and a doctor based on the alleged denial of medical care or treatment following a slip-and-fall he suffered in a prison dorm. (*See id.* at 2-3.) He seeks "monetary damages and for the company to do better at helping people." (Dkt. No. 6 at 5 (capitalization altered).)

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management. By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 7.)

## II.  THREE STRIKES

Because Turner filed this action without prepayment of the requisite filing fees, the case is subject to review under the Prison Litigation Reform Act ("PLRA"). Under the "three-strikes" provision of the PLRA, a prisoner may not proceed in a civil action without the prepayment of fees if, while confined as a prisoner, he has previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical harm.  *See* 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

For purposes of § 1915(g), Turner has accrued at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See, e.g.*, *Turner v. Am. Fam. Ins.*, No. 3:22-CV-2284-E-BN, 2023 WL 8191912 (N.D. Tex. Nov. 8, 2023), *rec. adopted*, 2023 WL 8190704 (N.D. Tex. Nov. 27, 2023) (dismissing prisoner complaint for failure to state a claim on which relief may be granted); *Turner v. Tex. Dep't of Crim. Just.*, No. 5:14-CV-00022-C, 2014 WL 69373496 (N.D. Tex. Dec. 8, 2014) (dismissing prisoner complaint with prejudice under 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim); *Turner v. Mesquite Fire Dep't*, No. 3:14-CV-699-B-BH (N.D. Tex. June 27, 2014) (dismissing prisoner complaint with prejudice under 28 U.S.C. § 1915(e) as frivolous); *Turner v. Cherokee Cnty. Jail*, No. 6:03-CV-555-LED (E.D. Tex. Apr. 26, 2004) (adopting recommendation of dismissal of prisoner complaint with prejudice

under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and as frivolous).

Having accumulated at least three "strikes," Turner is barred under § 1915(g) from proceeding in this action without prepayment of the filing fee, unless he shows that he was in "imminent danger of serious physical injury" at the time he filed suit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). To constitute imminent danger, "the threat or prison condition must be real and proximate." *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808 at *1 (N.D. Tex. Oct. 24, 2008) (citations and internal quotation marks omitted). Turner makes no plausible allegations suggesting that he was in imminent danger of serious physical injury. Accordingly, he must prepay the $405 filing fee before he may proceed with this case.

### III. RECOMMENDATION

The Court should summarily **DISMISS** this action without prejudice as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless Turner pays the full filing fee prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

**SO RECOMMENDED** on October 7, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).